JOURNAL ENTRY and OPINION
Defendant-appellant Kyron Marlin appeals his convictions for possession of crack cocaine and preparation of drugs for sale. Sua sponte, this appeal is dismissed at appellant's costs for lack of a final appealable order.
Marlin was indicted on five counts: possession of drugs with a firearm specification, preparation of drugs for sale with school yard and firearm specifications, possession of criminal tools with a firearm specification, carrying a concealed weapon, and having a weapon while under disability. The fifth count, having a weapon while under disability, was severed for purposes of the trial.
Marlin was convicted on count one, possession of crack cocaine in an amount exceeding twenty-five grams but less than one hundred grams. He was also convicted of count two, preparation of drugs for sale with a school yard specification. The court declared a mistrial regarding the firearm specifications, and the carrying a concealed weapon and possession of criminal tools charges.
This court has interpreted Crim.R. 32(B) as imposing a mandatory duty upon the trial court to set forth the plea, the verdict or findings, and the sentence for each and every criminal charge prosecuted. Cleveland v. Scully (June 2, 1994), Cuyahoga App. No. 63919, unreported, citing, Cleveland v. Wirtz (Aug. 1, 1991), Cuyahoga App. No. 58967, unreported.
State v. Bourdess (May 29, 1997), Cuyahoga App. No. 70541, unreported, involved a situation similar to the issue at hand. In Bourdess, the defendant was indicted on four counts. The jury found him guilty of three of the charges, but informed the court that they were unable to reach a verdict as to count three of the indictment. The defendant appealed, and this court dismissed the appeal finding that we had no jurisdiction because there was no final determination of count three.
In the case at hand, the trial court's journal entry states:
 As to counts 3 and 4 and the firearm specifications in counts 1 and 2, the jury advised the court that they were unable to reach a verdict. Count 5 will remain pending due to the mistrial in count 4.
Based on this entry, we find that no final determination has been made with regard to the specifications in counts 1 and 2, and the charges in counts 3, 4, or 5. Accordingly, this matter is dismissed for lack of an appealable order.
If the trial court issues a final appealable order, appellant may seek reinstatement of this appeal within thirty days of the date of this entry dismissing this appeal.
This cause is dismissed and case remanded for further proceedings consistent with this opinion.
It is ordered that appellee recover of appellant its costs herein taxed. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR